# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FRIDAY UDOM, <br><br> Petitioner, <br><br> vs. <br><br> U.S. IMMIGRATION, CUSTOMS ENFORCEMENT, <br><br> Respondent. | CASE NO. 11-CV-2699 - IEG (NLS) <br><br> **ORDER:** <br><br> **(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS** <br><br> [Doc. No. 1] <br><br> **(2) DENYING AS MOOT MOTION FOR SUMMARY JUDGMENT** <br><br> [Doc. No. 10] |

On November 17, 2011, Petitioner Anthony Friday Udom ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. No. 1.] On January 13, 2012, Respondent filed a return to the Petition. [Doc. No. 5.] On January 27, 2012, Petitioner filed his traverse. [Doc. No. 11.] For the reasons below, the Court **DENIES** the Petition.

## BACKGROUND

Petitioner is a native and citizen of Nigeria who became a lawful permanent resident of the United States on August 27, 1982. [Doc. No. 5-1, Return Exs. at 17.] On September 11, 1998, Petitioner was convicted of possession of marijuana for sale in violation of California Health and Safety Code § 11359. [Id. at 5, 17.] As a result of this, on June 29, 2005, the Department of

1 Homeland Security placed him in removal proceedings. [Id. at 16-18.] On October 31, 2005, an Immigration Judge ("IJ") granted Petitioner relief from removal, in the form of withholding of removal pursuant to Immigration and Nationality Act § 241(b)(3). [Id. at 19.]

4 On October 28, 2008, Petitioner was convicted of attempted second degree robbery in violation of California Penal Code §§ 211, 664. [Doc. No. 5-1, Return Exs. at 14, 21-23.] Based on this 2008 conviction, DHS again placed Petitioner in removal proceedings, [id. at 39-40], and took Petitioner into custody on or about February 1, 2011. [Id. at 47-50.]

8 On May 6, 2011, Petitioner filed a motion to terminate the case. [Doc. No. 5-1, Return Exs. at 56.] On May 25, 2011, the IJ granted the motion and terminated the case without prejudice. [Id.] In the order, the IJ explained that prior to seeking removal, the Government must first reopen the prior proceedings in which Petitioner's withholding status was granted and obtain a termination of Petitioner's grant of withholding of removal. [Id.] The Government then moved to reopen the prior proceedings, and the motion was granted by the IJ on July 7, 2011. [Id. at 57.] Petitioner appealed the IJ's decision to reopen the proceedings to the Board of Immigration Appeals ("BIA"), and on November 3, 2011, the BIA dismissed the appeal. [Id. at 66.] Petitioner's merit hearing on his removal proceedings before the IJ is scheduled to take place on March 9, 2012. [Id. at 67-68.]

17 On August 23, 2011, Petitioner filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in federal district court. Udom v. Dep't Homeland Security, 11-cv-2175-WQH (S.D. Cal., filed Aug. 23, 2011 [Doc. No. 1]). On November 8, 2011, after the Government filed a return to the first petition, Petitioner filed an amended petition in that same case. See id. (S.D. Cal., filed Nov. 8, 2011 [Doc. No. 13]). On November 17, 2011, Petitioner filed the present Petition before this Court. [Doc. No. 1, Petition.] On November 30, 2011, Petitioner filed a fourth habeas petition pursuant to 28 U.S.C. § 2241. Udom v. U.S. Immigration, Custom Enforcement, 11-cv-2789-LAB (S.D. Cal., filed Nov. 30, 2011 [Doc. No. 1]).

25 In the present Petition, Petitioner requests that the Court determine whether his 1998 conviction for possession of marijuana for sale constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) or a controlled substances conviction under 8 U.S.C. § 1227(a)(2)(b)(i) and can be used to support a charge of deportability. [Petition at 4-7.] On January 13, 2011, Respondent filed

1 a return to the petition, arguing that the Petition should be denied because (1) prudential
2 considerations prevent this Court from considering Petitioner's challenge to his removal proceedings;
3 (2) the Petition is successive and violates the abuse-of-writ doctrine; and (3) the Petition seeks an
4 impermissible advisory opinion from this Court.  [Doc. No. 5, Return at 3-6.]  On January 26, 2012,
5 Petitioner filed his traverse.  [Doc. No. 11.]

## DISCUSSION

### I. The Petition

#### A. Article III's Case-or-Controversy Requirement

Respondent argues that Petitioner is seeking an impermissible advisory opinion from this Court. [Return at 6.]  Article III of the Constitution "limits the jurisdiction of the federal courts to live cases and controversies, and as such, federal courts may not issue advisory opinions."  Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010) (citing U.S. CONST. art. III; Flast v. Cohen, 392 U.S. 83, 96 (1968)); see also Golden v. Zwickler, 394 U.S. 103, 108 (1969) ("The federal courts established pursuant to Article III of the Constitution do not render advisory opinions.  For adjudication of constitutional issues, concrete legal issues, presented in actual cases, not abstractions, are requisite." (quotation marks omitted)).  "Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot."  Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005).

In the present Petition, Petitioner requests that this Court determine whether his 1998 conviction for possession of marijuana for sale can be used to support a charge of deportability. [Petition at 4-7.]  However, Petitioner's 1998 conviction is not being used to support a charge of deportability in his current removal proceedings.  The record shows that Petitioner's current removal proceedings are based on his 2008 conviction for attempted second degree robbery, not his 1998 conviction.  [Doc. No. 5-1, Return Exs. at 39.]  In addition, although Petitioner's prior removal proceedings were reopened to determine if the Government could obtain a termination of Petitioner's withholding of removal pursuant to 24 C.F.R. § 1208.24(a), (b), Petitioner has not shown that his 1998 conviction is involved in that determination.  Therefore, there is no live case-or-controversy with respect to the 1998 conviction, and this Court's determination of whether the 1998 conviction could be used to support a charge of deportability would be an impermissible advisory opinion.

Accordingly, the Petition fails to satisfy Article III's case-or-controversy requirement, and the Petition is moot. See Mujahid, 413 F.3d at 994.

### B.  Abuse of Writ Doctrine

Respondent argues that the Petition should be denied under the abuse of writ doctrine because Petitioner could have raised the present challenges in his previous petitions. [Return at 5.] The abuse of writ doctrine generally "forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." Calderon v. U.S. Dist. Ct., 163 F.3d 530, 538 (9th Cir. 1998) (en banc), overruled in part on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003); see also McCleskey v. Zant, 499 U.S. 467, 479-96 (1991) (explaining doctrine). Under the abuse of writ doctrine, a successive petition must be dismissed "unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (citing McCleskey v. Zant, 499 U.S. 467, 494-95 (1991); Sanders v. United States, 373 U.S. 1, 15 (1963)). The government bears the burden of pleading abuse of the writ. Id.

Prior to filing the present § 2241 Petition, Petitioner filed a § 2241 petition in federal district court on August 23, 2011 challenging his removal proceedings and filed an amended petition in that case on November 8, 2011. See Udom v. Dep't Homeland Security, 11-cv-2175-WQH (S.D. Cal., filed Aug. 23, 2011 [Doc. Nos. 1, 13]). Petitioner could have brought his present claims in those prior petitions, and the current Petition is successive. Petitioner does not give any explanation for why he did not raise his present claims in the prior petitions. Therefore, Petitioner has not shown cause for bringing a successive petition or shown that a fundamental miscarriage of justice will result from the failure to entertain his claim. See McCleskey, 499 U.S. at 494-95; Alaimalo, 645 F.3d at 1049. Accordingly, the present petition constitutes an abuse of the writ.

### C.  Merits

Even if the Petition should not be dismissed for the above reasons, the Petition should be denied on the merits. Petitioner appears to contend that his 1998 conviction for possession of marijuana for sale does not constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) or a controlled substances conviction under 8 U.S.C. § 1227(a)(2)(B)(i) and cannot be used to support a

charge of deportability. [Petition at 4-7.] A conviction for possession of marijuana for sale in violation of California Health and Safety Code § 11359 is categorically an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(B) that renders a person removeable under 8 U.S.C. § 1227(a)(2)(A)(iii). See Zuniga-Perez v. Holder, 2011 U.S. App. LEXIS 23104, at *5 (9th Cir. 2011); Solorzano-Rodriguez v. Holder, 2011 U.S. App. LEXIS 20495, at *2 (9th Cir. 2011); Pedroza-Macias v. Holder, 2011 U.S. App. LEXIS 22599, at *1-2 (9th Cir. 2011); Salgado v. Holder, 436 Fed. Appx. 751, 751 (9th Cir. 2011); Ruano-Sandoval v. Holder, 416 Fed. Appx. 667, 667 (9th Cir. 2011); see also Rendon v. Mukasey, 520 F.3d 967, 976 (9th Cir. 2008) ("possession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony").

**II.   Motion for Summay Judgment**

On January 12, 2012, Petitioner filed a one-page motion for summary judgment. [Doc. No. 10.] Because the Court denies the Petition, Petitioner's motion for summary judgment is **DENIED** as moot.

**CONCLUSION**

For the above reasons, the Court **DENIES** the Petition for writ of habeas corpus, and **DENIES** as moot Petitioner's motion for summary judgment. In addition, the Court notes that a certificate of appealability is not required in this case. See Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir. 1997) (finding that a certificate of appealability not required from an order denying a § 2241 petition). The clerk is directed to close the case.

**IT IS SO ORDERED.**

DATED: February 6, 2012

IRMA E. GONZALEZ
United States District Judge