# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FRIDAY UDOM,<br><br>         Petitioner,<br><br>vs.<br><br>U.S. IMMIGRATION, CUSTOMS ENFORCEMENT,<br><br>         Respondent. | CASE NO. 11-CV-2699 - IEG (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING AS MOOT MOTION TO EXTEND/REOPEN THE TIME TO FILE AN APPEAL**<br><br>[Doc. No. 16]<br><br>**(2) DENYING MOTION TO PROCEED IFP ON APPEAL**<br><br>[Doc. No. 15] |

Presently before the Court is Petitioner Anthony Friday Udom ("Petitioner")'s motion to extend/reopen the time to file an appeal and motion for leave to proceed *in forma pauperis* ("IFP") on appeal. [Doc. Nos. 15-16.] For the reasons below, the Court **DENIES** Petitioner's motions.

## BACKGROUND

On November 17, 2011, Petitioner, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). [Doc. No. 1, Petition.] In the Petition, Petitioner requests that the Court determine whether his 1998 conviction for possession of marijuana for sale constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) or a controlled substances conviction under 8 U.S.C. § 1227(a)(2)(b)(i) and can be used to support a charge of deportability. [Id.

1 at 4-7.]

2      On January 12, 2012, Petitioner filed a motion for summary judgment. [Doc. No. 10.] On
3 January 13, 2012, Respondent filed a return to the Petition. [Doc. No. 5.] On January 27, 2012,
4 Petitioner filed his traverse. [Doc. No. 11.]

5      On February 6, 2012, the Court denied the Petition and Petitioner's motion for summary
6 judgment, and the Court determined that a certificate of appealability was not required in this case.
7 [Doc. No. 12.] On February 6, 2012, the Clerk entered judgment against Petitioner in favor of
8 Respondent. [Doc. No. 13.] On February 13, 2012, Petitioner filed a notice of appeal from the
9 Court's Order denying his Petition and motion for summary judgment along with the two present
10 motions. [Doc. Nos. 14-16.]

11                                 **DISCUSSION**

12 **I.**     **Motion to Reopen/Extend the Time to File Appeal**

13      Federal Rule of Appellate Procedure 4(a) provides that a notice of appeal in a civil case "must
14 be filed with the district clerk within 30 days after entry of the judgment or order appealed from." The
15 Court issued its order and judgment was entered on February 6, 2012. [Doc. Nos. 12-13.] Petitioner
16 filed his notice of appeal on February 13, 2012, seven days later. [Doc. No. 14.] Therefore,
17 Petitioner's notice of appeal is timely and there is no need to reopen or extend the time for him to file
18 his appeal. Accordingly, the Court **DENIES** as moot Petitioner's motion to reopen/extend the time
19 to file appeal.

20 **II.**     **Motion to Proceed IFP on Appeal**

21      28 U.S.C. § 1915(a)(3) provides that "an appeal may not be taken *in forma pauperis* if the trial
22 court certifies in writing that it is not taken in good faith." "The good faith requirement is satisfied
23 if the petitioner seeks review of any issue that is 'not frivolous.'" Gardner v. Pogue, 558 F.2d 548,
24 551 (9th Cir. 1977) (quoting Coppedge v. United States, 369 U.S. 438, 445 (1962)). For purposes of
25 section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. See Neitzke v.
26 Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

27      In the Petition, Petitioner argues that his 1998 conviction for possession of marijuana for sale
28 in violation of California Health and Safety Code § 11359 does not constitute an "aggravated felony"

1  under 8 U.S.C. § 1101(a)(43)(B) or a controlled substances conviction under 8 U.S.C. §
2  1227(a)(2)(B)(i) and cannot be used to support a charge of deportability. [Petition at 4-7.] This is the
3  only issue raised in the Petition. The Ninth Circuit has consistently held that a conviction for
4  possession of marijuana for sale in violation of California Health and Safety Code § 11359 is
5  categorically an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(B) that renders a person
6  removeable under 8 U.S.C. § 1227(a)(2)(A)(iii). See Zuniga-Perez v. Holder, 2011 U.S. App. LEXIS
7  23104, at *5 (9th Cir. 2011); Solorzano-Rodriguez v. Holder, 2011 U.S. App. LEXIS 20495, at *2 (9th
8  Cir. 2011); Pedroza-Macias v. Holder, 2011 U.S. App. LEXIS 22599, at *1-2 (9th Cir. 2011); Salgado
9  v. Holder, 436 Fed. Appx. 751, 751 (9th Cir. 2011); Ruano-Sandoval v. Holder, 416 Fed. Appx. 667,
10 667 (9th Cir. 2011); see also Rendon v. Mukasey, 520 F.3d 967, 976 (9th Cir. 2008) ("possession of
11 a controlled substance with the intent to sell contains a trafficking element and is an aggravated
12 felony"). Therefore, Petitioner's appeal lacks any arguable basis in law and is frivolous. Accordingly,
13 the Court concludes that an appeal would not be taken in good faith, and the Court **DENIES** Plaintiff's
14 motion for leave to proceed IFP on appeal.

## CONCLUSION

16 For the above reasons, the Court **DENIES** as moot Petitioner's motion to extend/reopen the
17 time to file an appeal, and the Court **DENIES** Petitioner's motion for leave to proceed IFP on appeal.
18 **IT IS SO ORDERED.**

DATED: February 16, 2012

IRMA E. GONZALEZ
United States District Judge